CLARK, J,
specially concurring.
I agree that Appellant’s conviction should be affirmed.
While affirmance of Appellant’s conviction is warranted, I write to express my concern about the prosecutor’s actions in failing to disclose significant information to the court. Prosecutors are officers of the court and must shoulder an “awesome responsibility.” Salazar v. State, 991 So.2d 364, 383 (Fla.2008) (Pariente, J., specially concurring). The Prosecutor’s job is not to obtain convictions, it is to serve justice and conduct a fair and impartial trial— they must “refrain from improper methods calculated to produce a wrongful conviction.” See Gore v. State, 719 So.2d 1197, 1202 (Fla.1998).
Here, the prosecutor withheld knowledge of a sitting juror’s involvement in the law enforcement investigation of the case being tried — when the prosecutor was unquestionably aware of that fact. The prosecutor admitted to being specifically told that the juror was involved in the investigation of the case for which he was also a sitting juror. Neither the defense nor the court was aware of this juror’s involvement in the case. Both were entitled to this information.
This failure to disclosure such significant information could jeopardize the integrity of our judicial system and the propriety of the judicial process; a system and process counsel swore to defend and uphold. Yet, as concerned as I am with this conduct, because the evidence of Appellant’s guilt was substantial and the juror was replaced *420 with an alternate before deliberations began, the taint of the prosecutor’s misconduct did not seep to the jury, the trial, or the verdict. See Scott v. State, 66 So.3d 923, 931-32 (Fla.2011); McGirth v. State, 48 So.3d 777, 791 (Fla.2010); England v. State, 940 So.2d 389, 401-02 (Fla.2006).
The trial court properly ensured Appellant received an impartial jury and fair trial by removing the juror who had been involved in the law enforcement investigation, and seating an alternate juror. Appellant has not shown a probability that the prosecutor’s knowledge of the juror’s involvement in the case would have changed the outcome of the trial. I cannot conclude that the prosecutor’s failure to disclose important information about a juror vitiated the trial, denied Appellant a fair trial or result, or contributed to Appellant’s conviction. Thus, despite my concern, I agree that the trial court did not abuse its discretion in denying Appellant’s motion for mistrial.